IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-02487-LTB-KLM

NICOLE BAROS,

       Plaintiff,

v.

SENTRY INSURANCE, a mutual company,

       Defendant.
_____

ORDER
_____

This matter is before me on Defendant Sentry Insurance's ("Sentry") Motion for Bifurcation of Trial **[Doc #11]**. After considering the parties' arguments, and for the reasons below, I DENY the motion.

**I. Background**

Plaintiff Nicole Baros ("Baros") was injured in a car accident. At that time, she had an automobile insurance policy issued by Sentry. After making and settling a claim against the driver who hit her, Baros submitted a claim for $25,000 to Sentry for her injuries pursuant to the underinsured motorist ("UIM") provision of her policy. Sentry countered with an offer of $2,000.

Dissatisfied with Sentry's conduct, Baros filed suit in state court alleging two causes of action. The first is a claim under Colo. Rev. Stat. §§ 10-3-1115 and 1116. The second is breach of contract. Sentry removed the matter to this Court on diversity grounds per 28 U.S.C. §§ 1441 and 1332. Now, with this motion, Sentry seeks to bifurcate Baros' two claims into two separate trials.

## II. Law

Rule 42(b) of the Fed. R. Civ. P. allows a court to order separate trials for separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P 42(b); *accord King v. McKillop*, 112 F.Supp.2d 1214, 1221 (D. Colo. 2000). I have wide discretion in deciding whether to bifurcate or sever issues for trial. *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985); *accord Gaede v. Dist. Ct. In and For Eighth Judicial. Dist.*, 676 P.2d 1186, 1188 (Colo. 1984) ("A trial court enjoys broad discretion under C.R.C.P. 42(b) to order separate trials on specific issues in appropriate civil cases."). And while I have discretion to order separate trials, "that does not mean that severance is the norm or even a common occurrence." *The Marianist Province of the United States, Inc. v. Ace USA*, 2010 WL 2681760, *1 (D. Colo. July 2, 2010) (citing Fed. R. Civ. P 42(b) advis. comm. notes (noting that bifurcation should not "routinely be ordered")); *see also Gaede*, 767 P.2d at 1188 (explaining that the reasons listed in C.R.C.P. 42(b) for bifurcating are "conditions" such that, in their absence, bifurcation is "inapplicable").

## III. Discussion

For the reasons herein, I conclude that Sentry does not show a need for bifurcation. I begin by examining the nature of Baros' two claims. *See, e.g., Gaede*, 676 P.2d at 1188 (explaining that, to analyze whether to bifurcate, a court should consider "the interrelationships of issues and claims" and the "potential duplication of evidence"). (I note that because this is a diversity case, I look to state law when examining the substantive claims. *See Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d 1237, 1244 (10th Cir. 2009).) Her first claim is brought under Colo. Rev. Stat. §§ 10-3-1115 and 1116. Section 1115 proscribes insurers from "unreasonably delaying or denying a payment of a claim for benefits" owed to a first-party claimant. Colo. Rev. Stat. § 10-3-1115. Section 1116

provides that "[a] first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit." *Id.* § 1116. Her second claim is that by refusing to pay her UIM benefits under the policy, Sentry breached that contract.

These two claims are much more closely related than Sentry suggests. They derive from the same occurrence: Sentry's refusal to pay Baros more than $2,000 under the policy for the 2010 car accident. *See Salazar v. State Farm Mut. Ins. Auto. Ins., Co.*, 148 P.3d 278, 281-82 (Colo. App. 2006) (holding that a plaintiff who had previously brought and won a UIM benefits action against his insurer was precluded by res judicata from later bringing claims for statutory violations and bad faith breach of an insurance contract in part because the "facts underlying Salazar's UIM benefits case and bad faith claims were related in time, space, origin, or motivation" and because it would have been convenient to bring the claims together). And while the claims present different legal theories, "they s[eek] redress for essentially the same wrong." *Salazar*, 148 P.3d at 281. The UIM benefits claim seeks to determine the amount of damages Sentry should pay under the policy, while her section 1116 claim seeks redress for Sentry's allegedly unreasonable refusal to pay the benefits. *See id.* Her claims also rest on a similar factual basis–the circumstances of the accident, the particulars of the insurance policy, and Sentry's conduct in refusing to pay. *See id.* This fraternal twin nature of the claims weighs against bifurcation.

With this relationship established, I turn to Rule 42(b)'s reasons for bifurcation. Sentry does not offer a compelling argument that bifurcation would be more convenient or would expedite and economize the instant case. If the claims were severed, the two cases would largely be duplicative because the claims rest on similar factual bases, meaning that, at both cases, much of the exact same

3

evidence would be presented and a majority of the same witnesses would testify. *See id.* at 282 ("Salazar's bad faith claims would involve much of the same evidence as the UIM benefits claim. Thus, for the jury to hear these claims *in the same action* would have been convenient and efficient.") (emphasis added); *accord Gaede*, 676 P.2d at 1188. Indeed, by virtue of the nature of the two claims, a second trial on the section 1116 claim would have to retry every issue tried in the UIM benefits claim case. *See, e.g.*, Salazar, 148 P.3d at 282. This would also lead to an unnecessary duplication in attorney's fees. *See, e.g.*, *Novell v. American Guarantee and Liability Insurance Co.*, 15 P.3d 775, 779 (Colo. App. 1999) (affirming the trial court's decision to deny the defendant-insurer's motion to bifurcate plaintiff's claims for breach of a commercial property insurance contract, bad faith breach of that contract, and willful and wanton misconduct because the duplication in evidence and attorney's fees would have been "significant").

Sentry argues that, depending on the outcome of the UIM benefits claim, a trial on the section 1116 claim may be unnecessary. This is unavailing. For one, to some extent, this can be addressed in one trial with the jury instructions. For example, the jury can be instructed that if they find that Baros is not entitled to UIM benefits, they should not consider the section 1116 claim and its evidence. In terms of convenience and judicial economy, the potential benefit of bifurcation is also marginal. This is because, assuming the claims are bifurcated and Baros loses her UIM benefits case, much of the evidence in the obviated section 1116 case would have already been presented in the prior UIM benefits case. Stated differently, bifurcation would not spare the presentation of an overwhelming amount of the total evidence because a substantial portion of the evidence in the contingent section 1116 case will be presented in the UIM benefits case. Thus, any convenience or judicial economy that bifurcation may yield is merely that quantum of evidence pertaining

exclusively to the section 1116 claim. It would be more efficient and economical, then, to simply add that quantum of evidence to the UIM benefits case given the concomitant costs of a second trial. Additionally, while Sentry's argument may be true, it does not compel me to bifurcate the claims, especially in light of the possible costs and redundancies bifurcation may wrought. On balance, I conclude that the potential costs from bifurcating outweigh its speculative and marginal benefit.

Sentry also fails to demonstrate how trying the claims together would result in sufficient prejudice. A single trial, it asserts, will prejudice it and confuse the jury by "allowing both evidence of liability and damages for alleged personal injuries in the auto accident–asserted against the tortfeasor–and evidence on the insurance claim–asserted not against the tortfeasor but against [it]." This argument is overstated. First, as stated, much of the evidence overlaps both claims such that a jury for the section 1116 claim would hear all of the evidence that a jury for the UIM benefits case would heard. Second, discerning the UIM benefits evidence from the section 1116 evidence is easier than Sentry posits: any evidence beyond whether Baros was entitled to UIM benefits and, if so, what amount, pertains to the section 1116 claim. Third, and most importantly, any prejudice can be mitigated by appropriate jury instructions.

Accordingly, for the foregoing reasons, IT IS ORDERED that Sentry's Motion for Bifurcation of Trial **[Doc #11]** is DENIED.

Date: March   12  , 2012 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE